## Commonwealth *vs.* Carl Jones.

Suffolk. January 9, 2004. - February 13, 2004.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, Sosman, & Cordy, JJ.

*Burning of Property. Insurance,* Burning of insured property. *Practice, Criminal,* Duplicative convictions.

A criminal defendant was properly convicted of both burning a motor vehicle, G. L. c. 266, § 5, and burning insured property with the intent to defraud an insurer, G. L. c. 266, § 10, where the two crimes had differing distinct elements (§ 5 punished the burning of an automobile, while § 10 punished the destruction of any property with the added intent to defraud an insurer), and where the defendant's actions in hiring another to dispose of his automobile and then reporting to his insurance agent and the police that the vehicle had been stolen were not so closely related in fact as to constitute in substance a single crime. [74-76]

Complaint received and sworn to in the Chelsea Division of the District Court Department on August 23, 2000.

The case was heard by *Jonathan Brant,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Peter J. Perroni* for the defendant.

*Christina E. Miller,* Assistant District Attorney, for the Commonwealth.

Greaney, J. After a jury-waived trial in the District Court, the defendant was convicted of burning a motor vehicle, G. L. c. 266, § 5, and burning insured property with the intent to defraud an insurer, G. L. c. 266, § 10. The Appeals Court affirmed the judgments of conviction. *Commonwealth* v. *Jones,* 59 Mass. App. Ct. 157, 163 (2003). We granted the defendant's application for further appellate review solely to decide his argument that the convictions were duplicative. We conclude that the defendant was properly convicted under both statutes, and we affirm the convictions.

The judge could have found the following facts. On August

20, 2000, Deputy Chief Eugene W. Doherty of the Revere fire department, in response to a report of an incident, concluded, after investigation, that an automobile parked adjacent to a school had been intentionally burned. The automobile's rear quarter, on the driver's side and near the fuel tank, had been charred. On the ground below the fuel tank was a partially burned rag saturated in gasoline. The automobile belonged to the defendant.

A few days later, on August 24, the defendant accompanied a State trooper to the Revere police station for questioning. There, the defendant made several statements, each preceded by Miranda warnings and memorialized into written form. Initially, the defendant denied any involvement with the disappearance of his automobile, stating essentially that he had loaned the automobile to his friend Greg, who had not returned it. After being confronted with some inconsistencies in his statement, the defendant made a second statement, admitting beforehand that he had "just wanted his car to disappear [but] didn't want it to be ruined."

In his second statement, the defendant admitted to hiring Greg to make his automobile "disappear," and stated that Greg told him that he (Greg) would "blow it up" after taking it to North Carolina. The defendant asked him instead to "stash" the automobile somewhere. The defendant planned to pay Greg for his services with ten per cent of the automobile's insurance proceeds. The defendant called his insurance agent and reported that his automobile had been stolen, and was directed to make contact with the insurer's claims department. He wanted to "get rid of the car" because he was "getting into debt." The defendant learned that Greg had tried to "blow up" the automobile when Greg called him on August 21, from jail. The following day, the defendant went to a police station in the Roxbury section of Boston to report the automobile as stolen. In a third statement, the defendant apologized "for not telling the whole truth."

1. The law governing an assertion that convictions are duplicative was recently summarized in *Commonwealth* v. *Valliere*, 437 Mass. 366, 371 (2002), as follows:

"The traditional rule in Massachusetts, as embodied in

> *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871), and
> its progeny, is that a defendant may properly be punished
> for two crimes arising out of the same course of conduct
> provided that each crime requires proof of an element that
> the other does not. See *Commonwealth* v. *Buckley*, 410
> Mass. 209, 222 (1991); *Commonwealth* v. *Crocker*, 384
> Mass. 353, 357 (1981); *Kuklis* v. *Commonwealth*, 361
> Mass. 302, 306-307 (1972). As long as each offense
> includes an element that the other does not, 'neither crime
> is a lesser-included offense of the other, and convictions
> on both are deemed to have been authorized by the
> Legislature and hence not [duplicative].' *Commonwealth* v.
> *Jones*, 382 Mass. 387, 393 (1981). At the same time, a
> court may examine whether the actions of a defendant
> were 'so closely related in fact as to constitute in substance
> but a single crime.' *Commonwealth* v. *St. Pierre*, 377 Mass.
> 650, 662-663 (1979). In such cases, the defendant cannot
> properly be sentenced both for the more serious crime and
> the lesser included offense. See *Commonwealth* v. *Thomas*,
> 401 Mass. 109, 119-121 (1987) (indictment for indecent
> assault and battery dismissed where defendant convicted
> of rape). Cf. *Commonwealth* v. *Jones*, *supra* at 394
> (although vehicular homicide not lesser included crime of
> manslaughter, two offenses were sufficiently closely related
> so as to preclude punishment on both)."

These principles recognize the role of the Legislature as the
primary body that creates, and defines, crimes, and the fact that,
in punishing related offenses, the Legislature usually intends to
further distinct policies. Consistent with these considerations,
G. L. c. 266, § 5, punishes the wrongful burning of the
"personal property of whatsoever class or character . . . of
another" and the wrongful burning of one's own or another's
"boat, motor vehicle . . . or other conveyance." Section 10 of
G. L. c. 266 more generally punishes a person who wrongfully
burns "a building, or any goods, wares, merchandise or other
chattels, belonging to himself or another" with intent to defraud
an insurer. As the Appeals Court correctly noted, "[§ ] 5 is
aimed at protecting personal property, and embodies a public
safety component as well; § 10, by contrast, punishes what is at
bottom an economic crime, which has widespread impact among
all members of the insurer's risk pool." *Commonwealth* v. *Jones*,
59 Mass. App. Ct. 157, 163 (2003). It is sufficient to say that

the two crimes have differing distinct elements: § 5 punishes the burning of an automobile, while § 10 punishes the destruction of any property with the added intent to defraud an insurer. Neither crime is a lesser included offense of the other.

This being the case, the defendant can be punished for violating both statutes unless it can be said with certainty that his actions were "so closely related in fact as to constitute in substance but a single crime." *Commonwealth* v. *St. Pierre, supra* at 662-663. The defendant's actions clearly were not so related. His actions were separated both temporally and by different forms of conduct. Moreover, he had separate intents, on the one hand to burn his automobile, and, on the other hand, to profit wrongfully at the expense of his insurer. Under our traditional rule, therefore, as expressed above, and as applied to this case, "[t]he actual criminal acts alleged are wholly irrelevant to application of [the rule]; rather, the elements of the crimes charged are considered objectively, abstracted from the facts. . . ." *Commonwealth* v. *Jones, supra* at 162, citing *Commonwealth* v. *Jones,* 382 Mass. 387, 393 (1981), and *Commonwealth* v. *Crocker, supra* at 359.

2. We comment briefly on two cases relied on by the defendant.

(a) In *Commonwealth* v. *Shuman,* 17 Mass. App. Ct. 441, 450-451 (1984), the Appeals Court held that arson of a building, G. L. c. 266, § 2, was duplicative of arson of a building with intent to defraud an insurer, G. L. c. 266, § 10, applying, in substance, a "same evidence" approach notwithstanding the fact that the two crimes had mutually exclusive elements. The Appeals Court noted that the *Shuman* decision was "effectively overruled" in *Commonwealth* v. *Anolik,* 27 Mass. App. Ct. 701, 712 (1989), and the court was correct formally to overrule *Shuman* "[t]o the extent that *Shuman* requires a different result" here. *Commonwealth* v. *Jones,* 59 Mass. App. Ct. 157, 162-163 (2003).

(b) There is nothing in *Commonwealth* v. *Santos,* 440 Mass. 281, 292-294 (2003), that aids the defendant. The *Santos* decision reaffirms the traditional rule (*id.* at 292-293), and notes, as to the crimes therein charged, that "[t]echnically, the crime of assault by means of a dangerous weapon is not a lesser included

offense of armed robbery," *id.* at 293, so that a defendant may be properly convicted of both when a single criminal episode leads to his prosecution on both charges. The result in the *Santos* case was predicated on a concession by the prosecutor in the Commonwealth's brief that, based on the theory of "assault" pursued by the Commonwealth at trial, as that theory pertained to the offenses charged, the traditional elements-based rule was met. *Id.* at 293-294. That result, therefore, is case specific and does not modify the traditional rule in any respect as that rule applies to the crimes of which the defendant was there convicted or the crimes of which the defendant here was convicted.

*Judgments affirmed.*