NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-919

COMMONWEALTH

vs.

JASON LABBE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from his conviction of assault and battery by means of a dangerous weapon (ABDW), a door, in violation of G. L. c. 265, § 15A (b), arguing that the evidence was insufficient. He also argues that the judge committed reversible error by admitting prejudicial hearsay, and that his conviction of assault and battery on a family or household member (domestic A&B), in violation of G. L. c. 265, § 13M, cannot stand because it is duplicative of his conviction of ABDW. For the reasons set forth below, we reverse the defendant's conviction of ABDW, affirm the domestic A&B conviction, and remand for resentencing.

Background. We summarize the relevant trial evidence as follows. On June 23, 2019, the defendant and the victim, the defendant's wife, had an argument at their home in Middleboro.

The victim's two sons were home and in the youngest son's bedroom when the argument started.  After hearing them argue, the eldest son, age twelve, "poked [his] head out," saw the victim and defendant exit a "back room," saw the victim crying, and saw both the defendant and victim pacing inside the house. The eldest son testified that he heard the victim say to the defendant that he (the defendant) had punched her in the face. After arguing for about fifteen minutes the defendant and the victim were facing each other when the victim turned to face the exit door.  The eldest son then saw the defendant push the victim and the victim fall into the door.  As the victim fell, she hit her head on the doorknob.

The defendant was charged with, among other things, ABDW and domestic A&B.  The defendant waived his right to a trial by jury and proceeded with a bench trial.  At the close of the evidence, the judge found the defendant guilty of both ABDW and domestic A&B.[1]  The defendant was sentenced to two years and six months to the house of correction for ABDW and two years of probation for domestic A&B, to be served from and after his committed sentence.

Discussion. 1. Sufficiency of the evidence.  The defendant argues that the trial judge erred in denying his

_____

[1] The judge acquitted the defendant of the other charges.

motion for a required finding of not guilty with respect to the ABDW charge.  The Commonwealth concedes that it did not present sufficient evidence to prove that the defendant committed the assault and battery "by means of a dangerous weapon."  G. L. c. 265, § 15A (b).  Having conducted our own review of the record, see Commonwealth v. Clark, 23 Mass. App. Ct. 375, 379 (1987), we agree.

Courts have classified dangerous weapons as either dangerous per se or dangerous as used.  See Commonwealth v. Appleby, 380 Mass. 296, 303-304 (1980).  A door is not a dangerous weapon per se.  Therefore, the Commonwealth was required to prove that the defendant intentionally or recklessly used the item in a manner capable of causing serious bodily harm.  See Commonwealth v. Escobar, 490 Mass. 488, 499-500 (2022); Commonwealth v. Sexton, 425 Mass. 146, 151 (1997).

Put plainly, there was no evidence that the defendant intentionally used the door.  Contrast Sexton, 425 Mass. at 151 (sufficient evidence of intentional use of pavement where defendant "bang[ed] the victim's head against the hard surface").  Additionally, no evidence was presented that the defendant used the door in a wanton or reckless fashion.  Contrast Escoabar, 490 Mass. at 500, citing Commonwealth v. McIntosh, 56 Mass. App. Ct. 827, 829-831 (2002) (ABDW may occur

3

"where an individual recklessly punches through a glass window, causing glass shards to eject and seriously injure bystanders").

The Commonwealth did, however, prove the lesser included offense of assault and battery (simple A&B).  See G. L. c. 265, § 13A; Commonwealth v. Gouse, 461 Mass. 787, 798 (2012) (simple A&B is lesser included offense of ABDW).  Our usual remedy where there is insufficient evidence of an element of a greater crime, but "where the remaining untainted elements include all the elements of a lesser included offense," is to vacate the conviction of the greater crime and remand for entry of judgment and resentencing on the lesser included offense.  Commonwealth v. Labadie, 467 Mass. 81, 88 (2014).  However, as discussed below, because we affirm the conviction of domestic A&B, the entry of a conviction of simple A&B would result in multiple punishments for the same offense.

2.  Hearsay.  The defendant argues that the eldest son's trial testimony, that he heard the victim say the defendant punched her in the face, was inadmissible hearsay and was prejudicial.  The Commonwealth makes no argument that the son's statement was properly admitted under any exception to the rule against hearsay, and we assume without deciding that the testimony should have been excluded.  Because the defendant objected to the statement at trial, we review for prejudicial error.  Commonwealth v. Cheremond, 461 Mass. 397, 411 (2012).

4

There is no prejudice when the admission of inadmissible hearsay "did not influence the [fact finder], or had but very slight effect." Commonwealth v. Cheremond, 461 Mass. 397, 411 (2012), quoting Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994). If, however, we cannot say, "after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, then it is impossible to conclude that substantial rights were not affected" (citation and alteration omitted). Commonwealth v. Kelly, 470 Mass. 682, 688 (2015).

The defendant's claim of prejudicial error is based on the premise that the judge found him guilty of domestic A&B arising out of the hearsay evidence of the punch rather than the properly admitted evidence of the push. After reviewing the full context of the record in this case, we conclude that the judge did not rely on the hearsay statement when he found the defendant guilty of domestic A&B and ABDW, and that the conviction of domestic A&B was based on the defendant's actions of pushing the victim. The evidence at trial and both parties' closing arguments solely focused on the defendant's conduct of pushing the victim into the door.[2] Neither the Commonwealth nor

---

[2] We note that the defendant did not request, and the Commonwealth did not provide, a bill of particulars, which would have given us more clarity on this issue. See Mass. R. Crim. P. 13 (b), as appearing in 442 Mass. 1516 (2004).

5

defense counsel even mentioned the punch to the face during their closing arguments or during sentencing. The judge's questions to the eldest son during direct examination also show that the judge's focus was on the push, not the punch.[3]

The defendant's contrary position is based on a statement made by the judge during sentencing. After hearing the prosecutor's and defense attorney's sentencing recommendations, the judge allowed the defendant, who had not testified, to make a statement. In his statement, the defendant portrayed the victim as the aggressor and claimed that he was merely defending himself. He told the judge that when he was at the door attempting to leave, the victim grabbed his arm and he "pushed her off [him]."[4]

When the defendant concluded his remarks, the judge addressed him. The judge stated that the evidence contradicted the defendant's claims, focusing first on the push, which, the judge inferred, resulted in the "blood-curdling screams" that a neighbor described. The judge further discredited the

---

[3] The judge asked few questions of the eldest son, most of which focused on the eldest son's observations of the push: "I thought at this stage you had come out of the room to see if you could help;" "You were not still peeking out the door;" and "Is it the doorknob [sic], or the door?"

[4] The defendant also stated, "I was leaving the house after I was assaulted. . . . She had my arm, and she's pullin' on my arm; I can feel her nails diggin' into my wrist, and I say, 'Let go!' . . . She has combative behavior; she's assaultive. I was just trying to leave."

defendant's characterization that he was not physically aggressive with his wife by referring to the son's testimony regarding the mother's statement that the defendant had punched her in the face. And in relation to the punch, the judge commented, "Seems to me there's a separate and distinctive assault and battery on the evidence as I've heard it."

This context shows the judge did not base his guilty findings on the evidence of the punch, but rather took this evidence into his sentencing calculus. When a judge acts as both the finder of fact and the sentencing judge, it is entirely appropriate for the judge to consider factors as the sentencing judge that he could not have considered as the fact finder. See Commonwealth v. Celeste, 358 Mass. 307, 309-310 (1970). Accordingly, we conclude that admission of the hearsay evidence was not prejudicial error.

3. Duplicative convictions. The defendant also argues his two convictions cannot stand because they are duplicative in that they were not based on separate and distinct acts. Based on the conclusions above, we address whether entry of a conviction of simple A&B, which would be our normal remedy where ABDW is charged yet there is insufficient evidence of use of a dangerous weapon, would be duplicative of the defendant's conviction of domestic A&B.

7

"The Fifth Amendment to the United States Constitution mandates that 'a person cannot twice be put in jeopardy for the same offence.'" Commonwealth v. Taylor, 486 Mass. 469, 477 (2020), quoting Marshall v. Commonwealth, 463 Mass. 529, 534 (2012). "The traditional rule in Massachusetts, as embodied in Morey v. Commonwealth, 108 Mass. 433, 434 (1871) (Morey), and its progeny, is that 'a defendant may properly be punished for two crimes arising out of the same course of conduct provided that each crime requires proof of an element that the other does not.'" Commonwealth v. Vick, 454 Mass. 418, 431 (2009), quoting Commonwealth v. Valliere, 437 Mass. 366, 371 (2002).

As discussed above, the record shows and both parties agree that the conviction of domestic A&B rested on the push, so both convictions, where based on the same conduct, could only stand if "neither crime is a lesser-included offense of the other, and convictions on both are deemed to have been authorized by the Legislature and hence not [duplicative]." Commonwealth v. Jones, 441 Mass. 73, 75 (2004), quoting Commonwealth v. Jones, 382 Mass. 387, 393 (1981). The only difference between the two crimes of domestic A&B and simple A&B is that domestic A&B requires proof of one element that simple A&B does not: that the victim was a family or household member. Compare G. L. c. 265, § 13M, with G. L. c. 265, § 13A. Simple A&B is thus a lesser included offense of domestic A&B. "The appropriate

8

remedy for the imposition of duplicative convictions is to vacate both the conviction and sentence on the lesser included offense, and to affirm the conviction on the more serious offense." Commonwealth v. Mello, 420 Mass. 375, 398 (1995). Here, however, because a conviction of the lesser included offense (simple A&B) not only may not but did not enter, we are constrained not merely to reverse the conviction for ABDW for lack of evidence of a dangerous weapon, but also to order the entry of judgment for the defendant on that count of the indictment.

Conclusion. The judgment of conviction of ABDW is reversed and the verdict on that count of the indictment set aside. The judgment of conviction of domestic A&B is affirmed. The case is remanded for entry of a judgment for the defendant on count two of the indictment and for resentencing on count one.

So ordered.

By the Court (Massing, Sacks & Walsh, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered: March 3, 2023.

---

[5] The panelists are listed in order of seniority.