JUDGE DUVALL
delivered the opinion of the court:
This was a petition for the sale of two houses and lots in Owingsville, owned, in part, by certain infants in conjunction with an adult sister, all of whom, together with the three guardians of the infants, unite as plaintiffs.
It is alleged in the petition that the houses and lots cannot be divided, and that a sale of them will redound to the interest of all the parties, and they pray that they be sold and the proceeds be distributed according to the lights of the several owners.
The three commissioners, who were appointed for that purpose, reported the value of the estate of the infants, and its annual profits ; they also reported that the property could not be divided according to the respective interests of the joint owners, and that, in their judgment, a sale of it would redound to the interest of all concerned.
The court thereupon, in March, 1857, ordered a sale of the houses and lots, and appointed a commissioner to execute the order. The judgment recites, and the record otherwise shows, that two of the guardians had each executed the covenant required by law, before the rendition of the judgment.
At the September term following the commissioner filed his report of the sale, which was ordered to lie over for exceptions. It appears from the report that John Barber had become the purchaser of the houses and lots, and that he had executed bonds for the purchase money according to the terms of the judgment.
*262 In March, 1858, Hopewell, as guardian for two of the infants, executed his statutory covenant.
On the next day the administrators of Barber (he having died since the purchase) filed exceptions to the report of the commissioner, resisting the confirmation of the sale, upon the ground that the judgment under which it was made was void, and that the purchaser had acquired no valid title to the estate sold.
Upon final hearing the court overruled the exceptions, and approved and confirmed the sale. From that order the administrators have apealed.
The only question to be decided is, whether, under any provision of either the ■ Revised Statutes or the Civil Code, the validity of this judgment can be maintained ?
1. By the 2d section of article 3, page 592, Revised Statutes, before a court shall have jurisdiction to decree a sale of infants’ lands, “ the guardian of each infant, whether a petitioner or defendant, must' enter into a covenant to the infant, with góod surety, to be approved by the court, stipulating a faithful discharge of all his duties under this act, and under any order or decree of the court in pursuance thereof.” If the guardian fails to give such covenant, the interest of such infant shall not be sold“ and any decree, sale, or conveyance thereof shall be void.”
The language of this provision is clear and explicit, and the rule which it prescribes is so plain that there can be no excuse for a departure from it. On the contrary, a rigid enforcement of the rule is demanded by the most obvious considerations of policy, and no relaxation of it can be tolerated by the courts without greatly jeopardizing the interests of the defenseless class for whose protection it was adopted.
In this case the guardian of two of the infants failed to give the required covenant before, or even at the time of the rendition of the judgment. The consequences of such failure, as declared by the statute, are, that the court had no jurisdiction to order the sale, and that the judgment, and the sale under it, •are alike absolutely void. Nor is the effect of such failure at all obviated by the execution of a covenant by the guardian six months afterwards. It might be urged with as much pro *263 priety, that a covenant given ten years afterwards would answer the requirements of the statute, and give legal effect to a void title acquired under a void judgment and sale. The statute peremptorily declares that the execution of the covenant is a precedent condition, upon the performance of which the jurisdiction of the court depends. (Carpenter vs. Strother's heirs, 16 B. Mon., 296; Barrett vs. Churchill, 18 B. Mon., 391.)
2. The provisions of the Civil Code, section 543, have no application to this case. That section authorizes a sale of town or city lots, or of land, belonging in part to infants, which has upon it a building of more value than the land, “ upon its being proven that a division of such land would materially impair its valueand before the sale is ordered the court is required to appoint some suitable person to take care of the interests of the infants, whose shares are not to be paid by the purchaser, but remain a lien upon the land, &c.
In this case it is neither alleged nor proved that a division of the property would materially impair its value; neither does the judgment conform, in any respect, to the provisions of this section. Indeed, it is evident at a glance that the petition, and all the subsequent proceedings, were framed and adopted with exclusive reference to the 86th chapter of the Revised Statutes. Their validity must be tested by that statute, and by that alone. The Civil Code provides for a different state of case, and for a different mode of proceeding.
The judgment is therefore reversed, and the cause remanded, with directions to sustain the exceptions of the appellants to the commissioner’s report, to set aside the sale, and to cancel the bonds executed by Barber for the purchase money.