Revill, Stribling, Foster, and Martin vs. Pettit.

CASE 29—PETITION ORDINARY—JANUARY 9.

## Revill vs. Pettit.

## Stribling vs. Same.

## Foster vs. Same.

## Martin vs. Same.

APPEALS FROM HENRY CIRCUIT COURT.

One justice of the peace cannot act as an examining court, and commit to jail, or hold to bail, a person charged with felony; another justice must be associated with him. (*Crim. Code, secs.* 46, 66.)

A justice of the peace who shall, without associating with him another justice of the county, assume to exercise the functions of an examining court, by holding to bail or committing to jail a person charged with felony, transcends the clearly defined limits of his authority, and his acts are void, and he thereby renders himself liable in damages to the party injured by such unauthorized assumption of authority.

Where (1) a person, having a special or limited judicial authority, does any act beyond the scope of his authority, or, (2) where, although acting within the limits of his jurisdiction, he is actuated by malicious or corrupt motives, he renders himself liable as a trespasser to the party injured. In the former case his motives have nothing to do with the question of his liability, except so far as the presence or absence of a malicious motive might operate to enhance or mitigate the damages.

Revill, Stribling, Foster, and Martin vs. Pettit.

The privileges of an attorney at law do not protect him from the consequences of procuring or advising a judicial officer to commit an injurious act beyond the limit of his authority, however correct the intentions and motives of the attorney may be. When a person, charged with felony, is examined and committed to jail by a single justice of the peace, an attorney who advises the justice to assume such jurisdiction is responsible to the injured party in damages.

An instruction unsupported by the evidence is abstract and erroneous.

The mere fact that one testifies on behalf of the Commonwealth, before a single justice of the peace who assumes to act as an examining court in a prosecution for felony and to commit the accused, does not render the witness liable to the party injured.

In an action of trespass for a personal injury the character of either party is not involved in the issue, and evidence of the good or bad character of the plaintiff is not therefore admissible. So where a justice of the peace, and others advising him, are sued for the wrongful act of the justice in acting alone as an examining court, and committing to jail one charged with felony, evidence relating to the character of the latter is inadmissible.

The court of appeals has no jurisdiction of an appeal prosecuted by the defendant, in an action for money or personal property, where the judgment against such defendant is for less than fifty dollars, and not reduced below that sum by set-off or counter-claim.

T. N. & D. W. LINDSEY, and A. J. JAMES, for appellants, cited 4 *Pr. Rep.*, 226; 6 *Dana*, 323; 1 *J. J. Mar.*, 361; 3 *Mon.*, 209; 7 *Mon.*, 371; 1 *Marsh.*, 224; *sec.* 66 *Crim. Code;* 5 *Phillips on Evidence, page* 258; 2 *Bibb*, 286.

JNO. RODMAN and T. A. BERRYMAN, for appellee, cited 2 *Starkie's Evidence*, 810; 1 *B. Mon.*, 96,

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

These cases arise upon the same record, present substantially the same questions, and will therefore be considered together.

Stribling, a justice of the peace for Owen county, upon the information of Martin, issued a warrant against Pettit, charging him with having committed the crime of incest. Pettit was arrested by the sheriff, and brought before Stribling, the justice, for examination. Stribling instead of proceeding with the defendant to another justice of the county, to be associated with him in the examination of the charge, assumed the right to try the case himself, heard the evidence, and thereupon committed the accused to jail, in default of the bail required. The accused was delivered to Foster, the jailer, under the order of commitment, and after having been confined

in jail about forty-eight hours, he was released by giving bail in the sum fixed by the justice. What further steps, if any, were taken in the prosecution of this charge does not appear.

This action was then instituted by Pettit against Stribling, Revill, Foster, and Martin. The petition charges that defendants assaulted the plaintiff, forcibly took him into their possession, and, against his will, and without any authority of law, detained him in their custody, and falsely imprisoned him in the county jail, and kept him there for forty-eight hours; for which injuries he claims damages.

The defendants answered severally, relying upon the following matters of defense:

Stribling alleges that he was an acting justice of the peace for Owen county; that at the instance of his co-defendant, Martin, and upon the facts stated by him, he, in good faith, issued a warrant causing the plaintiff to be brought before him and some other justice of the county for examination, and when the plaintiff appeared he requested the defendant to hear and determine the charge without sending for another justice; wherefore the defendant, in good faith, heard the evidence, and being of opinion that there were probable grounds for holding the plaintiff for further trial, he fixed the bail at $500, which the plaintiff failed to give, and the defendant thereupon committed him to jail, in all of which he acted officially, in good faith, and without malice, and that the matters stated constitute the assault and imprisonment complained of.

Revill alleges that being a practicing attorney he was employed to conduct the examination of the witnesses on the examination of the charge against the plaintiff, who waived the presence of another justice, and agreed to enter into bond for his appearance at court to answer the charge, but failing to give security he was committed to jail by the justice, which is the assault and imprisonment complained of; that the defendant acted in the matter as an attorney, and did not exceed his authority.

Martin states substantially the same matters of defense. He details the facts upon which the charge against the plaintiff was founded, and says that he in good faith procured the

warrant, and as a witness gave his testimony on the examination, in which he stated the facts of which he had knowledge, touching the guilt of the plaintiff.

Foster justified as jailer, under the mittimus which had been made out in due form and delivered to him, and by the authority of which he placed the prisoner in jail and detained him until legally discharged.

Upon these issues the parties went to trial, the result of which was a verdict in favor of the plaintiff against Martin for four hundred dollars in damages; against Stribling and Revill each for three hundred dollars, and against Foster for one cent. The motion of the defendants for a new trial was overruled, and they have severally appealed to this court.

The appellee proved on the trial, in addition to the facts already stated, that whilst the examination was progressing his counsel moved a postponement, in order that another justice might be sent for, insisting that Stribling had no right to try the case by himself; that Revill told Stribling he had such right, and the motion to postpone the hearing was overruled. There was other evidence before the jury conducing to show that the counsel merely asked to have the trial postponed until he could procure the attendance of the appellee's daughter as a witness, and that the appellee objected, saying he would rather go to jail than have his daughter brought into court.

The principal questions in the case arise upon the first and second instructions given by the court, at the instance of the appellee. The two instructions are as follows:

"1. If the jury believe, from the evidence, that the defendant Stribling assumed the right to hear alone the evidence in an alleged complaint for felony against the plaintiff, and to hold him to bail, in default thereof to send him to the Owen county jail, and by virtue of Stribling's order he was confined in said jail, the defendant Stribling is guilty of a trespass and false imprisonment upon the plaintiff, and is liable in damages to him.

"2. If they believe that the defendants, Revill and Martin, or either of them, advised and consented to the trying of the complaint for felony against plaintiff, before Stribling alone,

and aided or participated in, or induced or procured the proceedings against the plaintiff, and the plaintiff was, by their advice, consent, and procurement, held to bail by Stribling alone, and in default of plaintiff's giving bail, Stribling alone ordered him to be confined in said jail, and he was so confined therein, they, or either of them so aiding, advising, and procuring, are guilty of a trespass and false imprisonment upon the plaintiff."

In determining the question presented by the first instruction the first inquiry is, had the justice the legal power to examine the charge of felony preferred against the defendant, or to hold him to bail, or, in default thereof, to commit him to jail?

The statutes relating to proceedings in an examining court provide that "a *magistrate* of the county in which the public offense has been committed is authorized to examine the charge, and commit to jail or hold to bail the person charged with its commission." (*Crim. Code, sec.* 46.)

The general authority here conferred is subject, however, to this limitation : "If the *magistrate* before whom the defendant is brought for an examination of the charge against him, is a *justice of the peace*, and the offense charged is a felony, he shall proceed with such defendant to *another justice* of the county, who shall be associated with him, and the two compose the examining court, and perform the duties and exercise the powers as provided in this title." (*Section* 66.)

It results from these plain provisions of the law, that a justice of the peace who shall, without associating with him another justice of the county, assume to exercise the functions of an examing court, by holding to bail or committing to jail a person charged with felony, transcends the clearly defined limits of his authority, and his acts are void.

The next inquiry is, does he thereby render himself liable, in damages, to the party injured by such unauthorized assumption of authority?

The general principle which exempts judicial officers, of all grades, from answering in a private action, for any judgment given in the due course of the administration of justice, is well settled. This court has frequently decided that no action can

be supported against any person, acting judicially *within the limits of his jurisdiction*, although he should act illegally or erroneously, *unless* he has acted from impure or corrupt motives. (*Morgan vs. Dudley*, 18 B. Mon., 712; *Gregory vs. Brown*, 4 Bibb, 28.) There are then two distinct classes of cases to which this principle of judicial protection does not apply : *First*. Where a person, having a special or limited judicial authority, does any act beyond the scope of his authority; and *secondly*. Where, although acting within the limits of his jurisdiction, he is actuated by malicious or corrupt motives. In either case the judge or magistrate renders himself liable as a trespasser to the party injured.

It has already been shown that the authority of Stribling, the justice, was special and limited; that in committing the appellee to jail upon the charge of felony he exceeded his legal authority, acted without the scope and limits of his powers and jurisdiction. He was, therefore, clearly answerable in damages, as for a tort, to the appellee. His motives have nothing to do with the question of his liability, except so far as the presence or absence of a malicious motive might operate to enhance or mitigate the damages. The instruction under consideration, being in strict conformity with these principles, must be deemed unobjectionable. It is true, as contended, that this instruction leaves out of view the alleged consent of the appellee to be tried by Stribling alone, but we may say here, once for all, that the record contains no evidence whatever to support this ground of defense, and hence the objection to the instruction on that score amounts to nothing.

The objection taken to the second instruction is, however, more formidable. By the terms of that instruction Revill and Martin are rendered liable, not only for advising and consenting to the trying of the appellee for felony, before Stribling alone, but the jury are told that if they, or either of them, "aided or participated in, or *induced or procured the proceedings against the plaintiff*, and the plaintiff was, by their advice, consent, and procurement held to bail," &c., they, or either of them so aiding, are guilty of a trespass. According to the comprehensive import of this language, the two defendants named are

made liable for procuring the warrant of arrest against the appellee, and so the jury doubtless understood the instruction. The suing out of the warrant formed a part, and a very essential part, of "*the proceedings against the plaintiff*." It was the foundation of the whole proceeding. Yet no attempt was made on the trial to show, nor is it pretended in the argument here, that the warrant was maliciously sued out, or procured without probable cause. On the contrary, it is conceded that the prosecution was regular and legal up to the commitment ordered by the justice upon his sole examination of the charge. This unauthorized action of the justice, resulting as it did in the imprisonment of the appellee, constitutes his cause of action, and only ground of complaint. It is clear, then, that neither the pleadings or proof were such as to warrant a recovery against either of the appellants, for having "induced or procured the proceedings against the plaintiff," so far as the suing out of the warrant, the arrest of the accused under it, and his being brought before the justice for an examination of the charge, constitute, as they certainly did, a part of those proceedings.

In other respects the instruction must be deemed proper, at least so far as it fixes the standard of Revill's liability. If, as said in the case of *Cable vs. Cooper*, (15 *Johnson's Rep.*, 157,) "every tribunal proceeding under special and limited powers decides at its peril," it must necessarily follow that any person aiding, advising, or procuring the tribunal to transcend its jurisdiction, and to exercise powers not conferred by law, acts also at his peril. The privileges of a judicial officer do not exempt him from liability for any injurious act done beyond the limit of his authority; neither do the privileges of an attorney protect him from the consequences of procuring or advising the commission of such wrongful act, however correct his intentions and motives may have been. This is clear upon principles of reason and authority.

But so far as Martin is concerned it may be well questioned whether, upon this record, the instruction must not be regarded as abstract, being unsupported by the evidence. He testified as a witness for the Commonwealth, on the examination

before the justice. Beyond this it is not shown that he had any participation or agency in the illegal act complained of. And, in an instruction given at his instance, the jury were properly told that if Martin had no agency in prompting or advising the justice to hear and determine the examination of Pettit, or causing the justice to commit him without waiting for another justice, they must find him not guilty. It certainly would not be gravely argued that the mere delivery, by Martin, of his testimony as a witness, constituted such an agency in prompting, advising, or causing the commitment of the appellee, as to render the witness liable under this instruction or the principle of law on which it rests.

The fourth instruction given at the instance of the appellee is obviously erroneous. The legal effect of this instruction, according to the plain and natural import of the language used, is, that if the jury find *either* of the defendants guilty, they are authorized to find against all of them. This error may probably have been the result of a mere inadvertance on the part of the draftsman, but it is nevertheless a substantial error, and may have operated to the prejudice of each of the appellants.

We deem it unnecessary to notice the various other instructions asked by the several appellants and refused by the court. It results, from the general principles which have been stated as applicable to the case, that the instructions alluded to were properly refused.

Nor did the court err in excluding such of the evidence as related to the character of the appellee. Tested by the rules which governed the forms of action prior to the adoption of the Civil Code, this would have been regarded as an action of trespass—strictly and technically such—and not an action on the case. It was never held that in action of trespass for a personal injury, the character of either party was involved in the issue, or that evidence of the good or bad character of the plaintiff was admissible.

The judgment against Foster was, as already stated, for one cent and costs. This court has no jurisdiction of an appeal prosecuted by the defendant in an action for money or person-

al property, where the judgment against such defendant is for less than fifty dollars, and not reduced below that sum by set-off or counter-claim. This point was fully considered and settled in the recent case of *Tipton vs. Chambers*, (1 *Met. Ky. Rep.*, 565.) The appeal prosecuted by Foster must, therefore, be dismissed for want of jurisdiction.

But, for the errors mentioned, the judgments against the other appellants are reversed, and the cause remanded for a new trial, and further proceedings not inconsistent with the principles of this opinion.