### STATE *v.* EMERSON.

An indictment, which alleges that the defendant burned a building called a barn, but does not state whether a dwelling-house was or was not burned thereby, is good under section 2, chapter 262, General Statutes, which prohibits the burning of any building other than a dwelling-house, or an out-building adjoining thereto, or a building whereby a dwelling-house shall be burned.

Upon a trial under an indictment which charges the burning of a barn, without alleging that a dwelling-house was burned thereby, proof that a dwelling-house was burned thereby is immaterial; it can neither defeat the prosecution, nor subject the defendant, if convicted, to additional punishment; and a conviction or an acquittal will be a bar to a subsequent prosecution for the higher offence.

INDICTMENT against Bradbury Emerson, alleging that the defendant, " with force and arms, a certain building of one Thomas J. Blake, of

said Ossipee, laborer, there situate, called a barn, feloniously, wilfully, and maliciously did set fire to, burn, and consume." The opening statement of the state's counsel was, that a barn and adjoining hog-house, belonging to Blake, were several feet distant from his dwelling-house, not joined to or touching his house; that the defendant set fire to the barn, and the barn and hog-house were burned, and the fire from one or both communicated to the dwelling-house, one end of which was burned through before the fire was extinguished. At the close of the opening statement, before any evidence was introduced, the court withdrew the case from the jury, and reserved the questions, (1) whether the indictment is good upon either sec. 1 or sec. 2, ch. 262, Gen. Stats.; (2) under which section the defendant should be sentenced if found guilty; (3) whether he could be found guilty on this indictment, if the case stated by counsel were proved.

*J. H. Hobbs,* solicitor, for the state, cited *Commonwealth* v. *Squire,* 1 Met. 258; *Devoe* v. *Commonwealth,* 3 Met. 327; *Phillips* v. *Commonwealth, ib.* 588; *Haggett* v. *Commonwealth, ib.* 457; *Commonwealth* v. *McLaughlin,* 11 Cush. 598; *Commonwealth* v. *Harris,* 13 Allen 539; 1 Greenl. Ev. 85.

*D. O. Allen,* of Massachusetts (with whom were *S. B. Carter* and *L. D. Sawyer),* for the defendant, besides taking several positions which are noticed in the opinion of the court, cited *Commonwealth* v. *Hart,* 11 Cush. 136.

HIBBARD, J. I. According to the opening statement, an indictment, charging that the defendant burned the barn whereby the dwelling-house of Blake was burned, might have been sustained under sec. 1, ch. 262, Gen. Stats., which provides that " if any person shall wilfully and maliciously burn any dwelling-house, or any outbuilding adjoining thereto, or any building whereby any dwelling-house shall be burned, he shall be imprisoned from seven to thirty years." But this indictment does not charge that by the burning of the barn a dwelling-house was burned; and, as the punishment cannot exceed that prescribed by law for the commission of the offence charged, the defendant, if found guilty, can only be sentenced under section 2 of the same chapter, which provides that " if any person shall wilfully and maliciously burn any vessel lying within the body of any county, or any bridge, or any building other than those prescribed in the preceding section, he shall be imprisoned from two to twenty years." But the defendant contends that this is not a good indictment under section 2, because " this section in its enacting clause contains an exception incorporated therewith by words of reference to the preceding section, which exception is not negatived in the indictment; " and he relies on the rule of pleading laid down in *Commonwealth* v. *Hart,* 11 Cush. 134, that, if there be an exception in the enacting clause of a statute, the party pleading must show that his adversary is not within the exception.

This rule has been several times recognized in this state—*State* v. *Adams*, 6 N. H. 534; *State* v. *Abbott*, 31 N. H. 440; *State* v. *Fuller*, 33 N. H. 268; *State* v. *Wade*, 34 N. H. 496—but it has no application to this indictment. If the statute prohibited the burning of any barn except one by which a dwelling-house is burned, and did not prohibit the burning of a barn by which a dwelling-house is burned, an indictment in the words of the one before us would be bad for want of the requisite negative averment. Every averment it contains might be true, and yet the defendant not be guilty of any offence under such a statute. The barn burned by him might be one of those excepted. It is only where the defendant may be guilty of no offence, although every allegation may be true, that the indictment is insufficient for want of a negative averment. *Commonwealth* v. *Harris*, 13 Allen 539. But it is not claimed that if all the averments of the present indictment are true the defendant can possibly be guilty of no offence. It is only claimed that the indictment is insufficient under section 2, because it does not expressly aver enough to show that it is not based on section 1. But, inasmuch as it does not contain the averments necessary to bring it within section 1, it may well be understood that it is not based on that section. The want of an averment that the building burned was a dwelling-house, or an outbuilding adjoining thereto, or a building by the burning of which a dwelling-house was burned, must be taken as an admission by the state that it was not, or, if it was, as a waiver on the part of the state of that feature of the case, and an election to proceed only for the minor offence, and this would estop the prosecuting attorney from setting up the contrary on the trial, or taking advantage of it if it should appear in evidence. *State* v. *Snyder*, 50 N. H. 150. "When the law declares the act done to be a crime, and when done under particular circumstances a greater crime, if alleged without adding the aggravating circumstances, it is a good charge of the mitigated offence." *Hopkins* v. *Commonwealth*, 3 Met. 467; *Devoe* v. *Commonwealth*, 3 Met. 316, 327; *Commonwealth* v. *Squire*, 1 Met. 262. This clearly is a good indictment for "the mitigated offence" of burning a barn without "aggravating circumstances."

II. Can this prosecution be defeated by proof that in burning the barn the defendant also burned a dwelling-house? in other words, that, although the whole offence charged was committed by him, the circumstances were such as to make his crime more heinous than the indictment indicates? We think not. This would only raise an immaterial issue. The court, being able to see that under our statutes the simple burning of a barn clearly constitutes a less offence than the burning of a barn whereby a dwelling-house is burned, would not be justified in allowing the defendant to escape, on any fine-spun theory so inconsistent with innocence on his part and destitute of presenting any actual defence upon the merits as this manifestly is. It is suggested that "the statute having graduated punishments to the different offences, or different degrees of the same species of offence created by the two sections, the extent of the punishment cannot be determined,"

if upon the trial a higher offence shall be proved than is alleged in the indictment; but we think it must be presumed that this case comes within the terms of section 2, and not within those of section 1. The indictment containing no averment that the burning of the barn caused the burning of a dwelling-house, no inference could be drawn from a verdict of guilty that any such fact was proved to the satisfaction of the jury. Although the presiding judge might be of the opinion that the evidence was sufficient to sustain an indictment under section 1, the sentence must still be under section 2, and it should be precisely the same as if the evidence had not gone beyond the requirements of section 2. In fixing the term of imprisonment, the fact that a dwelling-house was liable to be burned by the burning of the barn might be considered to the same extent as it would be proper to consider it if there had not been any actual burning of the dwelling-house; but the fact that the dwelling-house was actually burned, being wholly waived by the state, ought not to be considered at all. In this way the difficulty which has been suggested at once disappears, and the duty of imposing a sentence in such a case becomes as easy as in any other. If, at the time when this indictment was found, the evidence appeared to be insufficient to establish beyond a reasonable doubt that the defendant was guilty under section 1, but sufficient to establish beyond a reasonable doubt that he was guilty under section 2, no right or privilege to which he was entitled could be prejudiced by permitting the state to proceed against him for the minor offence only. We have no occasion to speculate now as to what difficulty might have arisen on the trial had the indictment (falsely, perhaps) negatived the burning of any dwelling-house by the burning of the barn. It is enough to know that no injustice can possibly be done to the defendant by holding him liable, notwithstanding the crime he committed may have been more aggravated than appears in the indictment. A conviction or an acquittal in the present case would be a bar to an indictment for the higher offence covered by section 1. *Commonwealth* v. *Squire*, 1 Met. 265;—see, also, *State* v. *Snyder*, 50 N. H. 150. *Case discharged.*