# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## SUMMER TERM, 1875.

CASE 1—EXAMINING COURT—JUNE 9, 1875.

## Murphy v. Commonwealth.

APPEAL FROM BALLARD CIRCUIT COURT.

ONE JUSTICE OF THE PEACE CAN NOT ACT AS AN EXAMINING COURT where the defendant is charged with the commission of a felony. (Revill v. Pettit, 3 Met. 314.)

In such cases the Criminal Code did not originally authorize the examining court to admit the defendant to bail prior to or pending the examination.

The act of March 8, 1867, gives such authority to the examining court, but not to a single justice.

After the examining court has granted and fixed the amount of bail either of the justices composing the court may take and attest the bail bond.

C. H. THOMAS, . . . . . . . . . . . For Appellant,

CITED

Session Acts 1867, page 83.

General Statutes, page 308, section 2.

Constitution of Kentucky, article 8, section 18.

2 Mar. 131, Madison, &c. v. Commonwealth.

6 Dana, 318, Frishe v. Commonwealth.

3 Met. 377, 378, 407, 410.        5 J. J. Mar. 30.

14 B. Mon. 313, Bowman, &c. v. Commonwealth.

18 B. Mon. 129, Todd v. Luckett.

JOHN RODMAN, Attorney General, . . . For Appellee.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

George Murphy was arrested in November, 1872, on a warrant charging him with the crime of rape, and being taken before W. R. Roark, a justice of the peace for Ballard County, was permitted to give bail in the sum of $100 for his appearance before said justice on the sixth day of the same month to answer the charge against him.

Murphy gave bail, with his brother, J. T. Murphy, as his surety; and having failed to appear, the bond was indorsed forfeited by the justice before whom it was executed, and was returned to the circuit court clerk's office, where the surety appeared in answer to a summons on the forfeiture, and filed a response, and also moved to quash the bond.

The court overruled the motion to quash the bond, sustained a demurrer to the response, and rendered judgment against the bail for the amount of the bond.

The defendant, George Murphy, was charged with a felony, and a single justice had no power to admit him to bail.

Section 66 Criminal Code provides that, "If the magistrate before whom the defendant is brought for an examination of the charge against him is a justice of the peace, and the offense charged is a felony, he shall proceed with such defendant to another justice of the county, who shall be associated with him, and the *two compose the examining court*," etc.

Under this section, as held by this court in Revill, &c. v. Pettit (3 Met. 314), one justice of the peace can not act as an examining court when the defendant is charged with the commission of a felony.

As originally adopted the Code did not authorize an examining court when the defendant was charged with a felony to admit him to bail prior to or pending the examination. (Section 49.)

But by an act approved March 8, 1867 (1 Session Acts,

1867, p. 83), the Criminal Code was so amended as to permit persons charged with any criminal or penal offense, wherein bail is by law allowed, to give bail for their appearance to answer such charge before an *examining court.*

Section 2 of that act provides that any person arrested for a crime or misdemeanor shall be taken before the county judge, city or police judge, or *two* justices of the peace, who shall fix a day for the trial of such person, and shall also fix a sum in which he may give bail for his appearance before such examining court.

Section 3 provides that the officer making the arrest, the county judge, or *either* of the justices of the peace, shall have power to take and attest the bonds provided for in the first section.

But while the third section authorizes a single justice to take the bond provided for in the first section, before he can legally do so the examining court, composed of himself and another justice, must be constituted, and must fix the amount of bail to be required; and as nothing of this kind appears to have been done in this cause, we are of the opinion that the bond taken was unauthorized and void, and that the appellant's motion to quash it should have prevailed.

Judgment reversed, and cause remanded with directions to quash the bond and dismiss the proceeding.