COMMONWEALTH *vs.* MICHAEL RINGUETTE. December 29, 2004. *Constitutional Law,* Admissions and confessions. *Evidence,* Admissions and confessions. *Practice, Criminal,* Admissions and confessions, Collateral estoppel. *Collateral Estoppel.*

Michael Ringuette was convicted of various robbery and assault offenses in connection with a series of purse snatchings in Middlesex County.[1] The Appeals Court affirmed the convictions in *Commonwealth* v. *Ringuette*, 60 Mass. App. Ct. 351 (2004). We granted Ringuette's application for further appellate review, limited to consideration of the denial of Ringuette's second motion to suppress. We affirm, but for reasons different from the Appeals Court.

The offenses occurred on January 8, 13, and 14, 1999. On the date of Ringuette's last offense, he was arrested and made statements to the police

---

[1]The specific offenses and facts underlying them are presented in *Commonwealth* v. *Ringuette*, 60 Mass. App. Ct. 351 (2004).

implicating himself in all of the incidents. In March of 1999, Ringuette was indicted for only the January 13 and 14 offenses. He moved to suppress his statements to the police on the ground that he was intoxicated at the time of his interview, and thus was incapable of validly waiving his Miranda rights or making his statements voluntarily. In September of 1999, following an evidentiary hearing, a judge in the Superior Court denied the motion. Ringuette did not seek leave to pursue an interlocutory appeal. See Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996).

In January of 2000, Ringuette was indicted for the offenses that occurred on January 8, 1999. He filed a second motion to suppress that was identical to his first one. A second judge denied the motion on the ground that Ringuette was collaterally estopped from pressing the same claims that he had unsuccessfully argued in his first motion. Ringuette did not seek leave to file an interlocutory appeal.

Thereafter, the 1999 and 2000 indictments were joined for trial. Following a jury-waived trial (before a third judge), Ringuette was convicted of several of the 1999 and 2000 charges. See *Commonwealth* v. *Ringuette, supra* at 351-352 & n.1.

Ringuette appealed, challenging the denial of both of his motions to suppress. The Appeals Court affirmed the denial of both motions. With regard to the second motion (the only one we address), the Appeals Court concluded that the motion was properly denied on the basis of collateral estoppel. The court reasoned that, given Ringuette's right to seek leave to appeal pursuant to G. L. c. 278, § 28E, and rule 15 (a) (2), and despite his failure to avail himself of that right, he was afforded a sufficient opportunity for appellate review such that "[t]he ruling of the judge denying the first motion to suppress was a final judgment, as that term has been used in determining whether it should be given preclusive effect." *Commonwealth* v. *Ringuette, supra* at 359-360. We disagree. A defendant cannot obtain interlocutory appellate review of the denial of a motion to suppress *as a matter of right*. A defendant only may apply for leave to pursue such an appeal, and a single justice of this court, as a matter of discretion, may allow such an application if the single justice determines "that the administration of justice would be facilitated." Mass. R. Crim. P. 15 (a) (2). Nor is a defendant obligated to seek leave to file an interlocutory appeal; a defendant can, and typically does, challenge the denial of a motion to suppress on direct appeal from a conviction. Accordingly, the denial of the defendant's motion to suppress was not a final judgment for collateral estoppel purposes.

Even though the doctrine of collateral estoppel was not a proper basis on which to deny Ringuette's second motion to suppress, and assuming (without deciding) that there was no permissible way for the second judge to adopt the first judge's findings and rulings, the defendant has suffered no prejudice from the denial of his second motion. The first motion judge ruled that Ringuette validly waived his Miranda rights and voluntarily made his admissions to the police, and thus found the statements admissible in a constitutional sense for purposes of trial of the 1999 indictments. Once the 1999 indictments were joined with the 2000 indictments, Ringuette's statements retained their constitutional admissibility for purposes of trial of the joined offenses, as the statements relating to both the 1999 and 2000 charges were made during the same police interview and under the same conditions. Once the cases were

joined, the original ruling on the motion to suppress became the law of the case. Moreover, to the extent that Ringuette thought his *first* motion was wrongly denied, he availed himself of the opportunity to challenge that ruling on direct appeal. In these circumstances, any error in the denial of Ringuette's second motion resulted in no prejudice.

*Judgments affirmed.*

*Thomas J. Iovieno* for the defendant.

*Marguerite T. Grant*, Assistant District Attorney, for the Commonwealth.