## Commonwealth vs. Robert Cabrera.

Hampden. September 5, 2007. - October 12, 2007.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cowin, & Cordy, JJ.

*Constitutional Law,* Double jeopardy. *Practice, Criminal,* Double jeopardy, Duplicative convictions, Collateral estoppel, Plea, Waiver. *Breaking and Entering. Receiving Stolen Goods. Collateral Estoppel.*

A criminal defendant's conviction of breaking and entering in the nighttime with felonious intent was not duplicative of his earlier conviction of receiving stolen property, where the crimes, although arising out of the same course of conduct, contained no elements in common, were separated in time and by different forms of conduct, and involved separate intents. [826-829]

A criminal defendant's plea of guilty to a charge of receiving stolen property, made after the denial of the defendant's pretrial motion to suppress evidence, led to a final judgment of conviction sufficient to forestall any further litigation of claimed constitutional violations in the case in which the plea was entered, and therefore, a Superior Court judge correctly concluded that the defendant was estopped from later relitigating the motion to suppress in later proceedings on an indictment arising out of the same course of conduct. [829-831]

Indictment found and returned in the Superior Court Department on December 30, 2002.

A pretrial motion to suppress evidence was heard by *Constance M. Sweeney*, J., and the case was tried before *C. Brian McDonald*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Patricia Quintilian* for the defendant.

*Annette C. Benedetto*, Assistant Attorney General, for the Commonwealth.

Cowin, J. The defendant, Robert Cabrera, appeals from his conviction in Superior Court of breaking and entering in the nighttime with intent to commit a felony.[1] The grounds for his

---

[1] The defendant was acquitted on three indictments charging larceny of a motor vehicle.

appeal are that the Superior Court judge who denied the defendant's motion to suppress evidence wrongly invoked collateral estoppel; and that the defendant's conviction violates principles of double jeopardy. We transferred this case from the Appeals Court on our own motion to consider the defendant's claims. We affirm the conviction.

1. *Factual background and procedural history.* We summarize briefly the facts, leaving further details to the sections of the opinion to which the evidence relates. The defendant was involved in a group of four people (ring) that broke into electronics stores to steal merchandise. On the night of July 25-26, 1998, the ring broke into Bernie's Audio Store in West Springfield. Members of the ring carried away a large amount of merchandise, which they loaded into two stolen minivans and stored at the home of an associate. A few days later, the defendant returned to the house and retrieved some items.

On July 28, 1998, during a stop of the defendant's automobile, State police officers found several cellular telephones, video cassette recorder tapes, and several dozen pagers. The officers were able to link the items to the break-in at Bernie's Audio Store. The defendant was charged with receiving stolen property with a value over $250 in violation of G. L. c. 266, § 60. He moved to suppress the evidence seized from the vehicle; after an evidentiary hearing, a judge in the Lawrence Division of the District Court Department denied the motion. The defendant subsequently pleaded guilty to receiving stolen property.

In 2002, the Commonwealth entered into a plea agreement with Edwin Pagan, another member of the ring, pursuant to which Pagan agreed to cooperate with the authorities in their investigation of break-ins, including the Bernie's break-in. As a result of information from Pagan, the defendant was indicted for breaking and entering the Bernie's store with intent to commit a felony. His motion to suppress evidence obtained as a result of the July 28, 1998, motor vehicle stop was denied, and he was convicted.

2. *Duplicative convictions.* The defendant claims that his prosecution for breaking and entering violates his constitutional and common-law protections against double jeopardy. In essence, the defendant argues that his conviction in 2004 of break-

ing and entering in the nighttime with felonious intent is duplicative of his conviction for receiving stolen property.

a. *Waiver.* The Commonwealth contends that the defendant waived his double jeopardy claim by failing to raise it before the second trial, whereas the defendant maintains that he did raise the issue. We need not decide whether, as the defendant maintains, his objection to the use of the prior guilty plea, or his motion for a required finding, was sufficient to preserve the double jeopardy issue because, in any event, the convictions are not duplicative and hence there is no double jeopardy violation.

b. *The "same elements" test.* The standard in Massachusetts for determining whether multiple convictions stemming from a single event are duplicative was first articulated over a century ago, in *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871). Under *Morey* and the cases following it, "a defendant may properly be punished for two crimes arising out of the same course of conduct provided that each crime requires proof of an element that the other does not." *Commonwealth* v. *Valliere*, 437 Mass. 366, 371 (2002). In this analysis, "[t]he actual criminal acts alleged are wholly irrelevant to the application of [the rule]; rather, the elements of the crimes charged are considered objectively, abstracted from the facts . . . ." *Commonwealth* v. *Jones*, 441 Mass. 73, 76 (2004), quoting *Commonwealth* v. *Jones*, 59 Mass. App. Ct. 157, 162 (2003). In other words, we consider only the elements of the crimes, not the facts to be proved or the evidence adduced to prove them. *Commonwealth* v. *Jones, supra* at 162. See *Commonwealth* v. *Crocker*, 384 Mass. 353, 359 (1981) (repudiating cases that "looked beyond the required elements of the statutory offenses . . . to the actual evidence introduced at the defendant's trial").

The elements of breaking and entering in the nighttime with intent to commit a felony are (1) breaking and (2) entering a building, ship, vessel or vehicle belonging to another (3) at night, (4) with the intent to commit a felony. *Commonwealth* v. *Hill*, 57 Mass. App. Ct. 240, 247 (2003). Therefore, the crime of breaking and entering with felonious intent was complete when the defendant broke into the store intending to commit a felony therein. See *Devoe* v. *Commonwealth*, 3 Met. 316, 323 (1841); G. L. c. 266, § 16 ("Whoever, in the night time, breaks

and enters a building . . . with intent to commit a felony . . . *whether he succeeds or fails in the perpetration of such larceny or felony*, shall be punished . . ." [emphasis added]). That he actually committed such a felony need not be proved. *Devoe* v. *Commonwealth, supra* at 323 (to prove breaking and entering with intent to commit larceny, Commonwealth need not prove any property was actually stolen). See *Commonwealth* v. *Hope*, 22 Pick. 1, 5 (1839).

The elements of receiving stolen property are (1) buying, receiving, or aiding in the concealment of stolen or embezzled property, (2) knowing it to have been stolen or embezzled. G. L. c. 266, § 60. See *Commonwealth* v. *Donahue*, 369 Mass. 943, 949, cert. denied, 429 U.S. 833 (1976). Here, the two offenses contain no elements in common. It is the prerogative of the Legislature, in the course of defining offenses and fixing punishments, and in furtherance of public policy goals, to punish related offenses separately. *Commonwealth* v. *Jones, supra* at 75. The ramifications, and the social harms, of breaking and entering with felonious intent and of receiving stolen property are different and may be punished separately. The convictions are not duplicative under the *Morey* standard.

Accordingly, the defendant can be punished for violating both statutes "unless it can be said with certainty that his actions were 'so closely related in fact as to constitute in substance but a single crime.' " *Commonwealth* v. *Jones, supra* at 76, quoting *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 662-663 (1979). The defendant's actions were not so related; they were separated in time and by different forms of conduct. Moreover, he had separate intents: on the one hand, to break and enter a building intending to steal therefrom, and on the other hand, to receive from another stolen goods.

The defendant asserts correctly that he could not be convicted of both larceny and receiving stolen property. It has long been the law in Massachusetts that a person cannot be found guilty of receiving stolen property when he himself stole that property. *Commonwealth* v. *Haskins*, 128 Mass. 60, 61 (1880). See *Commonwealth* v. *Corcoran*, 69 Mass. App. Ct. 123, 127 n.6 (2007) (same facts cannot lead to conviction of both offenses because "a conviction of receipt of stolen goods requires that the property

already be stolen at the time of the receipt''). The defendant, however, was never charged with larceny, and there is no such necessary inconsistency between the offenses of breaking and entering with felonious intent and receiving stolen property.[2]

3. *Collateral estoppel.* The defendant disputes the Superior Court motion judge's finding that he was collaterally estopped from relitigating his motion to suppress evidence seized from his automobile during the July 28, 1998, motor vehicle stop. Although the doctrine of collateral estoppel has its roots in civil proceedings, it also applies to criminal cases. *Commonwealth* v. *Williams*, 431 Mass. 71, 74 (2000), citing *Commonwealth* v. *Ellis*, 160 Mass. 165, 165 (1893). Collateral estoppel guarantees that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Commonwealth* v. *Lopez*, 383 Mass. 497, 499 (1981), quoting *Ashe* v. *Swenson*, 397 U.S. 436, 443 (1970).

Five requirements must be met for collateral estoppel to apply in the context of a suppression motion: (1) the issues in the two proceedings must be identical; (2) the party estopped must have had sufficient incentive to litigate the issue fully and vigorously; (3) the party estopped must have been a party to the previous litigation; (4) the applicable law must be identical in both proceedings; and (5) the first proceeding must have resulted in a final judgment on the merits such that the defendant had sufficient incentive[3] and an opportunity to appeal. *Commonwealth* v. *Ringuette*, 60 Mass. App. Ct. 351, 357, *S.C.*, 443 Mass. 1003 (2004), citing *United States* v. *Levasseur*, 699 F. Supp. 965, 981 (D. Mass.), rev'd on other grounds, 846 F.2d 786 (1st Cir.), cert. denied, 488 U.S. 894 (1988).

There is no question that the first four *Ringuette* factors are

---

[2]The defendant asserts other claims that are resolved by our holding that the charges are not duplicative.

[3]On the issue of incentive to appeal, the court in *United States* v. *Levasseur*, 699 F. Supp. 965, 981 (D. Mass.), rev'd on other grounds, 846 F.2d 786 (1st Cir.), cert. denied, 488 U.S. 894 (1988), explained, "courts should hesitate to estop a defendant who lost a suppression hearing in a previous matter involving charges relatively minor compared to the present charges . . . . [In addition,] an acquitted defendant, or one who for a variety of reasons may not have had sufficient incentive to appeal a conviction — for example, a defendant who receives a relatively favorable sentence — may not be estopped."

present in this case. The issues and the parties are the same, as is the applicable law. The defendant, who was facing a sentence of two and one-half years in a house of correction if convicted in District Court on the receiving charge, certainly had every incentive to litigate the matter fully and vigorously.[4]

The defendant claims that our interpretation of the fifth factor in *Ringuette*, a final judgment on the merits with sufficient incentive and opportunity to appeal, means that he is not estopped from relitigating his suppression motion. See *Commonwealth* v. *Ringuette*, 443 Mass. 1003, 1004 (2004). But the procedural facts in *Ringuette* distinguish it from this case. In *Ringuette*, the defendant was charged in two sets of indictments with a variety of offenses related to a series of purse snatchings. *Id.* at 1003-1004. His motion to suppress statements made to police, brought with respect to the first set of indictments, was denied. *Id.* at 1004. After the second set of indictments was returned, he again moved to suppress the same statements. *Id.* The second motion was also denied, on the ground of collateral estoppel. *Id.* Because the defendant had not yet gone to trial on the first indictments, his only avenue for review of the denial of his first motion would have been to apply to the single justice for leave to appeal the ruling under G. L. c. 278, § 28E, and Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996). *Id.* We concluded that this possibility was insufficient for collateral estoppel purposes. *Id.* Therefore, *at the time of Ringuette's second motion,* the ruling on the first motion was not final, and collateral estoppel did not apply. *Id.*

By contrast, at the time the defendant here moved to relitigate the suppression issue, he had pleaded guilty to the earlier charge. A guilty plea, once accepted, leads to a final judgment of conviction; like a verdict of guilty, it is conclusive. *Kuklis* v. *Commonwealth*, 361 Mass. 302, 305 (1972), quoting *Kercheval* v. *United States*, 274 U.S. 220, 223-224 (1927). Moreover, a plea of guilty by its terms waives all nonjurisdictional defects. *Garvin* v. *Commonwealth*, 351 Mass. 661, 663-664, appeal

---

[4]The District Court judge's findings of fact and conclusions of law suggest that the defendant offered little if any evidence at the first suppression hearing. That he may not actually have presented evidence amounts to a strategic choice and is not relevant to our decision here.

dismissed, cert. denied, 389 U.S. 13 (1967) (even illegally obtained confession cannot be basis for collateral attack on conviction based on voluntary and intelligent guilty plea). See *United States* v. *Stevens*, 487 F.3d 232, 238-240 (5th Cir.), cert. denied, 128 S. Ct. 336 (2007) (where defendant entered unconditional guilty plea, court would not revisit suppression issues); *United States* v. *Doyle*, 348 F.2d 715, 718 (2d Cir.), cert. denied, 382 U.S. 843 (1965) (guilty plea waives claim of speedy trial violation). By pleading guilty, the defendant gave up his right to pursue a challenge to the denial of his suppression motion, and therefore his plea generated a judgment that is final, at least in regard to the suppression issue. If a guilty plea is sufficient to forestall any further litigation of claimed constitutional violations in the case in which the plea was entered, then it is sufficient to have collateral estoppel effect in a subsequent case.

The defendant maintains that *Ringuette*'s finality requirement is not met because he is unable to appeal the conviction that resulted from his guilty plea. Under our system, a trial with proper evidence and an opportunity to appeal from a conviction is available. A defendant may knowingly and voluntarily forgo such a trial and, with it, the opportunity to appeal. That does not mean, however, that appeal was not available, or that the resulting judgment is not final for collateral estoppel purposes.[5] By surrendering his appeal, the defendant also gave up any right to relitigate the suppression issue, and therefore he is estopped from raising it in the present case.[6]

*Judgment affirmed.*

---

[5]There is no claim that the defendant's guilty plea was not voluntarily and intelligently made, or that it was conditional.

[6]The defendant relies on *People* v. *Griffin*, 117 Ill. App. 3d 177, 181 (1983), as support for his argument that his guilty plea in the prior case does not bar him from relitigating his motion to suppress. We decline to follow the holding in the *Griffin* case. Compare *State* v. *Snowdon*, 371 S.C. 331, 333-334 (2006) (since "a knowing and voluntary guilty plea waives all non-jurisdictional defects and defenses," defendant who pleaded guilty to breach of peace was estopped from relitigating validity of his arrest in subsequent prosecution for possession of marijuana).