DAVID SOLOMON *vs.* COMMONWEALTH. April 30, 2009. *Supreme Judicial Court, Superintendence of inferior courts. Constitutional Law,* Double jeopardy. *Practice, Criminal,* Double jeopardy. *Larceny. Breaking and Entering. Receiving Stolen Goods.*

David Solomon appeals from a judgment of a single justice of this court denying his petition under G. L. c. 211, § 3. We affirm.

On September 7, 2006, a complaint issued from the Dorchester Division of the Boston Municipal Court charging Solomon with receiving stolen property,

in violation of G. L. c. 266, § 60; operating a motor vehicle with a suspended license, in violation of G. L. c. 90, § 23; possession of burglarious tools, in violation of G. L. c. 266, § 49; and violating a municipal ordinance. Then, on September 26, 2006, a complaint issued from the Woburn Division of the District Court Department charging Solomon with one count of breaking and entering in the daytime with intent to commit a felony, in violation of G. L. c. 266, § 18; and one count of larceny from a building, in violation of G. L. c. 266, § 20. The charges stemmed from an incident that occurred on September 6, 2006, in which, allegedly, Solomon and Marcos Beato broke into a home in Stoneham, sometime between approximately 3 and 3:30 P.M. Neighbors reported to the police seeing a red automobile parked in front of the home at about that time, seeing a man go around to the side of the house while another man remained in the vehicle, and then, after a short time, seeing the man return to the vehicle. Approximately one and one-half hours later, Boston police officers stopped a red automobile being driven by the defendant with Beato as a passenger. Two pillowcases containing property stolen from the home in Stoneham were in the vehicle. The property included jewelry and approximately $6,000 in cash.

Solomon pleaded guilty, on October 2, 2006, to the charges alleged in the Boston Municipal Court complaint.[1] He then moved to dismiss the Woburn District Court complaint on the ground of double jeopardy. A judge dismissed the larceny charge but not the breaking and entering charge, and a Middlesex County grand jury later indicted Solomon on that charge. Solomon then filed a motion in the Superior Court to dismiss the indictment, again on the ground of double jeopardy. The motion was denied, and Solomon subsequently filed at least two other motions, also in the Superior Court, first on the ground of collateral estoppel and then on the basis that the indictment was defective. Each motion was denied on the basis that it was simply an attempt by Solomon to raise anew his double jeopardy argument. Ultimately Solomon filed a G. L. c. 211, § 3, petition in the county court, which a single justice denied without a hearing.

Double jeopardy prohibits prosecuting or punishing a defendant twice for the same offense. See *Commonwealth* v. *Rabb*, 431 Mass. 123, 127 (2000), and cases cited. Here, Solomon argues that prosecuting him for breaking and entering in the daytime with intent to commit a felony violates his protection against double jeopardy, where he has already been convicted of the crime of receiving stolen property and the two crimes stem from the same incident. A defendant, may, however, "properly be punished for two crimes arising out of the same course of conduct provided that each crime requires proof of an element that the other does not." *Commonwealth* v. *Cabrera*, 449 Mass. 825, 827 (2007), quoting *Commonwealth* v. *Valliere*, 437 Mass. 366, 371 (2002). In the *Cabrera* case, which involved the same two crimes at issue here and largely similar facts,[2] the court determined that the two crimes "contain no elements

---

[1]The docket indicates that Solomon pleaded guilty to receiving stolen property, operating a motor vehicle with a suspended license, and possessing burglarious instruments. It does not indicate, and the parties do not say, what, if anything, became of the alleged municipal ordinance violation.

[2]In *Cabrera* v. *Commonwealth*, 449 Mass. 825 (2007), the defendant was charged with breaking and entering in the nighttime with intent to commit a felony, in violation of G. L. c. 266, § 16, rather than breaking and entering in the daytime with intent to commit a felony, in violation of G. L. c. 266, § 18. The difference is not relevant here.

in common," and that a defendant could be "punished for violating both statutes 'unless it [could] be said with certainty that his actions were "so closely related in fact as to constitute in substance but a single crime." ' " *Commonwealth* v. *Cabrera, supra* at 828, quoting *Commonwealth* v. *Jones,* 441 Mass. 73, 76 (2004). The court then went on to find that the defendant's actions "were not so related" and "were separated in time and by different forms of conduct." *Commonwealth* v. *Cabrera, supra.*

The judge who denied Solomon's motion to dismiss the indictment on the ground of double jeopardy found Solomon's case to be indistinguishable from the *Cabrera* case. Solomon argues that this was error. First, he points to the two to three-day time difference between when the defendant in the *Cabrera* case committed the first crime, breaking and entering, and when he was apprehended for the second crime, receiving stolen goods. In Solomon's case, only a few hours elapsed between when Solomon allegedly broke into and entered the home in Stoneham and when the police stopped him and found the stolen property in his vehicle. It appears that in Solomon's view, the shorter time period makes his actions "so closely related in fact" that they constitute a single crime. That is incorrect. Solomon's alleged crimes were sufficiently separate in nature and in time. As the court in the *Cabrera* case noted, the two crimes require different forms of conduct and separate intents: "on the one hand, to break and enter a building intending to steal therefrom, and on the other hand, to receive from another stolen goods." *Commonwealth* v. *Cabrera, supra.* Solomon need not have stolen anything from the premises (or received anything that was stolen) to be guilty of breaking and entering with intent to commit a felony. See *id.* at 827-828, and cases cited. His conviction of receiving stolen property, on the other hand, required that he bought, received, or aided in the concealment of property that he knew to be stolen. See *id.* See also G. L. c. 266, § 60. Prosecuting Solomon for both crimes, in this case, does not violate his double jeopardy rights.[3]

Solomon also contends that the Commonwealth's failure to appeal from the decision on his motion to dismiss the Woburn District Court complaint is relevant to the double jeopardy issue. That is also incorrect. The District Court judge dismissed only the larceny charge (correctly, on the basis that a defendant cannot be convicted of both larceny and receiving stolen property, see *Commonwealth* v. *Cabrera, supra* at 828), yet Solomon asserts that the judge's allowance of the motion somehow encompassed both offenses. The Commonwealth, according to Solomon, thus had an obligation to appeal from the decision or accept the dismissal of the complaint in its entirety. Solomon's argument appears to be that the crimes of breaking and entering in the daytime with intent to commit a felony and larceny cannot be charged or punished separately. The argument is without merit; after the larceny charge was dismissed, the charge of breaking and entering properly remained.

Prosecuting Solomon on the charge of breaking and entering in the daytime with intent to commit a felony where he had already been convicted of receiving

---

[3]Solomon's other efforts to distinguish the *Cabrera* case are equally unavailing. He argues that unlike in his case, the *Cabrera* case involved a motion to suppress. Additionally, he asserts that the *Cabrera* case is different because in that case the Commonwealth did not present certain evidence to the grand jury. These differences, even if true, are not relevant to the issue of double jeopardy, which is the only issue with which we are here concerned.

stolen property would not violate double jeopardy principles. The single justice therefore did not abuse his discretion or otherwise err in denying Solomon's G. L. c. 211, § 3, petition.

*Judgment affirmed.*

The case was submitted on briefs.

*David Solomon*, pro se.

*Jessica Noble*, Assistant District Attorney, for the Commonwealth.