This is the defendant's second appeal to this court. His convictions of rape, two counts of assault and battery by means of a dangerous weapon, one count of assault by means of a dangerous weapon, and three counts of violating an abuse prevention order were affirmed on direct appeal.
 
 Commonwealth
 
 v.
 
 Mercado
 
 ,
 
 82 Mass. App. Ct. 1111
 
 (2012). Now, the defendant contests the denial of his subsequent motion for new trial pursuant to Mass.R.Crim.P. 30(b), as appearing in
 
 435 Mass. 1501
 
 (2001).
 

 Several of the defendant's claims of error were previously adjudicated and decided against him in his direct appeal.
 
 [2]
 
 "Collateral estoppel guarantees that 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.' "
 
 Commonwealth
 
 v.
 
 Cabrera
 
 ,
 
 449 Mass. 825
 
 , 829 (2007) (quotation omitted). Thus, the defendant is estopped from relitigating the identical issues decided in the direct appeal because the defendant had "sufficient incentive to litigate the issues fully" in his direct appeal, the defendant cites to no intervening case law, and his direct appeal resulted in a final judgment on the merits.
 

 Ibid
 

 .
 

 The defendant's argument that his trial counsel was ineffective in failing to move to strike evidence of the defendant's methadone use is likewise without merit, as the direct appeal determined that admission of the evidence did not create a substantial risk of a miscarriage of justice. See
 
 Commonwealth
 
 v.
 
 Randolph
 
 ,
 
 438 Mass. 290
 
 , 295-296 (2002) (equating ineffective assistance of counsel standard to substantial risk standard in cases where waiver stems from an omission by defense counsel). In addition, the defendant's claims that the translated telephone conversation is inaccurate and was not properly authenticated, and that his confrontation rights were violated by not producing the translator, were waived when he failed to assert them at trial, or in his first appeal. See
 
 Rodwell
 
 v.
 
 Commonwealth
 
 ,
 
 432 Mass. 1016
 
 , 1017-1018 (2000). In any event, we discern in the defendant's claims no substantial risk of a miscarriage of justice, for substantially the reasons explained in the Commonwealth's brief at pages sixteen to eighteen. There was no abuse of discretion in the judge's denial of the motion for new trial.
 

 Order denying motion for new trial affirmed
 
 .
 

 In his direct appeal, the defendant argued that the judge erroneously admitted evidence of the defendant's methadone use, that the evidence of assault and battery by means of a dangerous weapon was insufficient, and that the prosecutor's closing argument improperly vouched for the victim's credibility and improperly asked the jury to hold the defendant accountable. These contentions comprise arguments I through III of the defendant's brief in the current appeal.