NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1377

COMMONWEALTH

vs.

ERIC VILA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was convicted after a Superior Court jury trial of witness intimidation, G. L. c. 268, § 13B; vandalizing property, G. L. c. 266, § 126A; and breaking and entering into a building in the nighttime with the intent to commit a felony, G. L. c. 266, § 16.[1]  On appeal, the defendant argues that the evidence was insufficient as to the breaking and entering charge and that the witness intimidation conviction must be vacated because the Commonwealth presented alternative factual theories of the commission of the offense, a specific unanimity

_____

[1] The defendant was acquitted of two other charges and, after the jury reported that it was deadlocked on the remaining charges, the Commonwealth nol prossed those remaining charges.

instruction was not provided, and the jury did not unanimously agree on at least two of the factual theories.  We affirm.

Background.  We summarize the facts in the light most favorable to the Commonwealth.  See Commonwealth v. Lopez, 484 Mass. 211, 211 (2020).  The victim and the defendant were in a relationship for three to four years but were no longer dating by February 2023.  On February 1, 2023, the victim reported to the police that the defendant had damaged the door frame to the front door of her apartment and had damaged the door to her garage when the defendant took her car from the garage to the apartment parking lot without her permission.

On August 4, 2023, a trial was scheduled regarding the February incident.  Around 12:45 A.M. on the morning of the trial, the defendant approached the victim while she was in her car outside her apartment building.  The defendant pleaded to talk with her to "fix things" and "work something out."  The defendant forced his way into the driver's seat of the car; the victim, who had been in the driver's seat, crawled to the passenger side and got out of the vehicle.  After the victim told the defendant to "go home" and "leave it alone," the defendant got out of the car, followed the victim as she moved away from him, grabbed her, and hit her in the face.

The victim went into her apartment, locked her door, and called a friend.  The victim noticed that someone had ripped

2

down two Ring cameras inside her apartment.  She viewed the Ring footage from earlier and saw the defendant walk from her balcony and through her living room.  The victim believed that the balcony door was open so that her dog could go in and out during the summer.  The victim did not see any activity on the Ring video showing the front door.

Discussion.  1.  Breaking and entering indictment.  We review the sufficiency of the evidence to determine "whether, after viewing the evidence in the light most favorable to the [Commonwealth], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis and citation omitted).  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).  "If, from the evidence, conflicting inferences are possible, it is for the jury to determine where the truth lies, for the weight and credibility of the evidence is wholly within their province."  Commonwealth v. Lao, 443 Mass. 770, 779 (2005), S.C., 450 Mass. 215 (2007), and 460 Mass. 12 (2011).  In addition, "[c]ircumstantial evidence is competent to establish guilt beyond a reasonable doubt . . . and the reasonable inferences drawn from such evidence need not be necessary or inescapable, only reasonable and possible" (quotations and citations omitted).  Commonwealth v. MacCormack, 491 Mass. 848, 854 (2023).

The elements of breaking and entering into a building in the nighttime with the intent to commit a felony are "(1) breaking and (2) entering a building . . . belonging to another (3) at night, (4) with the intent to commit a felony." Commonwealth v. Cabrera, 449 Mass. 825, 827 (2007). On appeal, the defendant argues that the Commonwealth failed to prove that a "breaking" took place.

The statutory element of a breaking "has long been understood to include all actions violating the common security of a dwelling" (quotation and citation omitted). Commonwealth v. Burke, 392 Mass. 688, 689 (1984). The Supreme Judicial Court (SJC) has concluded that "entry through an open window not apparently intended, or useable in due course, as a means of entry" constitutes a breaking, as "[t]he security of the house in such a case is at least as much invaded as when a closed unlocked door is opened." Commonwealth v. Tilley, 355 Mass. 507, 509 (1969). Although this statement was dictum, this court has since squarely reaffirmed it. See Commonwealth v. Hall, 48 Mass. App. Ct. 727, 731 (2000) ("the very fact that the [SJC] took some pains to pull away from more mechanistic views of a 'breaking' assures us that the Tilley court intended to state the law in respect of entry by an open window that one cannot walk through").

4

Here, it is obvious that the victim did not intend that the third-floor balcony door would be an entrance to her apartment. The balcony is not reachable from a fire escape or outdoor staircase, nor is it attached to a neighbor's balcony. The fact that the victim may have left the balcony door open so her dog could go outside on the balcony does not change the fact that the balcony door is not intended as an access way to the apartment. In order to enter the victim's front door, one needs a fob to enter the building and a code to open the front door.

Based on the video and the broken ring cameras, the jury could have inferred that the defendant somehow accessed the victim's private third-floor balcony and entered the apartment through the balcony door. Viewing the evidence in the light most favorable to the Commonwealth, the jury could have permissibly inferred that the defendant's entry was a breaking. See Latimore, 378 Mass. at 677-678.

2. Witness intimidation indictment. The defendant did not object to the absence of a specific unanimity instruction, nor did he request one. Since this claim is being raised for the first time on appeal, our review is limited to whether the absence of such an instruction created a substantial risk of a miscarriage of justice. See Commonwealth v. Duncan, 100 Mass. App. Ct. 635, 640 (2022).

5

A judge's "failure to give a specific unanimity instruction sua sponte does not automatically give rise to a substantial risk of a miscarriage of justice where . . . the Commonwealth presented evidence sufficient to withstand a motion for a required finding of not guilty on each of the charged offenses." Commonwealth v. Federico, 70 Mass. App. Ct. 711, 719-720 (2007).[2] To prove witness intimidation, the Commonwealth must prove that the defendant "(1) willfully; (2) threatened, intimidated, or harassed; (3) a witness in a criminal proceeding of any type; (4) with the intent to impede or interfere with a criminal investigation or proceeding" (quotation and citation omitted). Commonwealth v. Gardner, 102 Mass. App. Ct. 299, 304 (2023).

Viewing the evidence in the light most favorable to the Commonwealth, the jury could have found that the victim was a potential witness at the defendant's trial regarding the February incident and that on the day she was set to appear in court for that case, the defendant broke into her apartment and then confronted her at her car where he asked if they could "fix things" and "work something out."  The defendant forced his way into the car; after the victim told him to "go home" and "leave

_____

    [2] Generally, a defendant is only entitled to a specific unanimity instruction when the Commonwealth proceeds on alternative theories of guilt in which the same crime can be committed.  See Commonwealth v. Lonardo, 74 Mass. App. Ct. 566, 571 (2009).  Here, the Commonwealth did not proceed on alternative theories of witness intimidation.

6

it alone," the defendant got out of the car, followed the victim, and hit her in the face.  Because any one of those acts sufficed for the jury to find that the defendant was guilty of witness intimidation, there was no substantial risk of a miscarriage of justice.

Judgments affirmed.

By the Court (Meade,
  D'Angelo & Tan, JJ.[3]),

Clerk

Entered:  June 4, 2026.

---

[3] The panelists are listed in order of seniority.