COMMONWEALTH *vs.* BENNIE K. KEGLER. No. 05-P-101. February 6, 2006. *Practice, Criminal,* Appeal, Trial of indictments together, Lesser included offense. *Rules of Appellate Procedure. Search and Seizure,* Probable cause, Search incident to lawful arrest. *Assault and Battery. Appeals Court,* Appeal from order of single justice.

In this appeal from convictions of unarmed robbery, assault and battery and illegal possession of heroin, the defendant, and more particularly defense counsel,[1] asserts that the single justice of this court abused his discretion or committed other error of law in denying a motion to reinstate the defendant's direct appeal and to accept as timely an accompanying appellate brief. We affirm.

*Background.* We recite the missteps of defense counsel that preceded the order of dismissal and the single justice's denial of the motion to reinstate the defendant's appeal. The defendant's appeal entered in this court on March 25, 2004. In the ordinary course, the defendant's brief was due forty days later, on May 4. See Mass.R.A.P. 19(a), as amended, 430 Mass. 1606 (1999). On May 4, defense counsel requested an extension,[2] that was allowed to August 7. On August 10, defense counsel requested a second extension. The single justice allowed the enlargement to August 27, but indicated that no further enlargements would be granted. On August 24, defense counsel requested yet another extension. The single justice allowed the enlargement to September 3, noting that "[i]f [defendant's] brief is not filed on or before that date, Step 1 of notice preceding dismissal shall issue forthwith."

Defense counsel failed to file an appellate brief by September 3. On September 29, pursuant to Standing Order 17A, this court issued a notice preceding dismissal of the defendant's appeal. On October 29, pursuant to that standing order, this court issued an order of dismissal of the defendant's appeal.

On November 1, defense counsel filed a "status report" reciting that the press of counsel's appellate practice and computer problems had prevented timely filing, but that the brief would be completed and filed by November 5. The single justice treated the report as a request to vacate dismissal and for extension and ordered that "[i]f a conforming brief and appendix are received by the close of business 11/05/04, they shall be deemed timely; otherwise the 3rd and final step of Standing Order 17A shall issue forthwith."

Defense counsel failed to meet the promised November 5 deadline and took no action *at all* until December 28, when he filed the defendant's brief and appendix together with a motion to reinstate the appeal that set forth health reasons for counsel's lapse. The single justice denied that motion and a subsequent motion to reconsider that denial.

*Discussion.* The single justice did not abuse his discretion in concluding that defense counsel's cavalier and unilateral disregard of the time require-

---

[1]The defendant's counsel on appeal is the same attorney who failed to file timely the defendant's appellate brief, thereby resulting in dismissal of the appeal. Defense counsel's continued representation presents a potential, if not actual, conflict of interest that needlessly complicates the issues.

[2]The record does not contain any of the defendant's requests for extension, but we surmise from other submissions that defense counsel's first three enlargement requests were due to counsel's busy schedule.

ments of the rules of appellate procedure warranted dismissal of the defendant's appeal. Implicit in the single justice's ruling was a determination that defense counsel had not shown "good cause" warranting reinstatement of the appeal when, despite four previous enlargements of time for filing the defendant's appellate brief (and an order of conditional reinstatement), defense counsel failed to file a brief on time or even apprise the court of his reasons for failing to do so.

Defense counsel's affidavit did not assert that his illness arose prior to the November 5 deadline that he himself had designated. Nor did counsel suggest that his illness was so incapacitating as to prevent him from apprising the court of his condition or from seeking further extension. Moreover, defense counsel would overlook the fact that prior extension requests did not involve a proclaimed illness, but an overloaded schedule (and, later, an asserted computer problem).

Defense counsel's blatant disregard of the rules of appellate procedure is conduct demonstrably below what is to be expected of reasonably competent counsel. Because such conduct effectively deprives the defendant of his right of direct appeal, we have examined the merits of the issues raised on appeal (as briefed and argued by the parties) to determine whether counsel's failure to file timely an appellate brief deprived the defendant of an available substantial ground of defense. Having considered the merits, we conclude that the issues raised would not warrant reversal of the defendant's convictions.[3]

The motion judge did not err in denying the defendant's motion to suppress the heroin found in the defendant's wallet. Nor did the trial judge err in joining for trial the indictments for unarmed robbery and drug possession, or in denying the defendant's motion to vacate the defendant's conviction of assault and battery as a lesser included offense of his conviction of unarmed robbery.

The motion judge's findings of fact on the motion to suppress establish that "the police were entitled to search the defendant's wallet as a search incident to a lawful arrest, and to unfold the piece of paper as a part of that search. Fruits of the alleged robbery could very well had been concealed therein. See *Commonwealth* v. *Clermy,* 421 Mass. 325 (1995)." The police had probable cause to believe that cash had been stolen from the victim and that the defendant might have hidden the cash inside his wallet. See *Commonwealth* v. *Madera,* 402 Mass. 156, 160-161 (1988); *Commonwealth* v. *Netto,* 438 Mass. 686, 696 & n.12 (2003) ("given that the principal item taken during the robbery was believed to be cash, it was logical for the police to believe that the cash would be carried in a pocketbook or bag"). The police could also reasonably conclude that cash could be hidden in the folded paper found inside the defendant's wallet, where, instead, they found what appeared to be heroin.

The trial judge did not abuse his discretion in joining the drug and robbery indictments for trial. See *Commonwealth* v. *Walker,* 442 Mass. 185, 199 (2004). The defendant's drug dependency provided an apparent motive for the robbery.

Finally, the trial evidence established that the assault and battery consisted

---

[3]We would arrive at the same conclusion were we to consider the matter under our plenary power to grant enlargement or to permit the defendant's brief to be filed notwithstanding that the time for doing so under the rules has expired. See Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979).

of pushing the victim to the ground, a criminal act distinct from the unarmed robbery that occurred when the defendant took the victim's wallet. Assault and battery is not a lesser included offense of unarmed robbery, as each requires an element that the other does not. See *Commonwealth* v. *Wolinski*, 431 Mass. 228, 238-239 (2000) (battery not required for robbery; larceny not required for assault and battery). Nor are the facts so closely related in fact as to constitute but a single crime. See *Commonwealth* v. *Jones*, 441 Mass. 73, 76 (2004), quoting from *Commonwealth* v. *St. Pierre*, 377 Mass. 650, 662-663 (1979) (defendant can be punished for two crimes where one is not lesser included offense of other "unless it can be said with certainty that his actions were 'so closely related in fact as to constitute in substance but a single crime' ").

> *Order denying motion to reinstate appeal and enlarge time for filing brief affirmed.*
> *Order denying motion for reconsideration affirmed.*

*William S. Smith* for the defendant.

*Joseph A. Pieropan*, Assistant District Attorney, for the Commonwealth.