Following a jury trial in the Superior Court, the defendant was convicted of unarmed robbery, G. L. c. 265, § 19(b ), and assault and battery on a disabled person, G. L. c. 265, § 13K (a 1/2). On appeal, the defendant claims error in the denial of her motions for required findings of not guilty. Specifically, the defendant argues that no rational trier of fact could have found the evidence sufficient to establish beyond a reasonable doubt that she had the intent to rob the victim, or that she knew the victim was disabled. The defendant also contends that the convictions were duplicative. We affirm.
Background. We summarize the facts the jury could have found, viewing the evidence in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). At the time of the offense, the victim was forty-nine years old and suffered from cerebral palsy. As a result of her disability, she walked with a limp and had difficulty speaking.[2] On February 26, 2014, the victim went to the local Shell convenience store and gas station, as was her custom, to "play the scratch tickets." She won $400 on a ticket and was so happy she gave the manager a "high-five."
The defendant, who frequented the store with her boy friend, was waiting in line behind the victim. She stared at the money as the store manager counted out $400 and gave it to the victim. The defendant immediately left the store without making a purchase and walked to her white sport utility vehicle (SUV), which was parked at the first gasoline pump. Shortly thereafter, the defendant reentered the store and the defendant's boy friend, Sayed McKenzie, drove the SUV away from the pump. The defendant then exited the store again. At one point, the store manager observed McKenzie pacing back and forth in front of the store.
Concerned by the conduct of the defendant and McKenzie, the manager told the victim to wait in the store for a moment while he addressed other customers. Eventually, the store manager walked the victim out to her mother who was waiting in her vehicle to give the victim a ride home. Soon after they departed, the defendant's SUV sped into the gas station and immediately exited in the same direction as the victim's vehicle.
Shortly thereafter, as the victim approached the stairs to her apartment, McKenzie ran toward her, knocked her onto an ice bank, and threatened, "If you don't give me the money, I will shoot you." McKenzie then reached into the victim's pocket, took the $400, and fled on foot. Meanwhile, the defendant drove the SUV around the apartment complex and exited with a right turn. McKenzie ran toward the SUV as it turned right out of the complex.
A review of video recordings from the surveillance camera at the Shell station quickly identified the defendant and McKenzie as suspects. They were arrested together the following day. In a police interview, the defendant denied that she had observed the victim win $400 at the Shell station and denied that she was aware that McKenzie had robbed the victim.
The defendant testified at trial and admitted that she had lied to the police because she was afraid of McKenzie, who had been abusing her throughout their fifteen-month relationship. She admitted that she had been at the Shell station, had witnessed the transaction with "piles of money" on the counter, and had told McKenzie about the money. She maintained, however, that she knew nothing about the robbery. The defendant explained that she drove to the apartment complex where the victim lived only because she had been directed to do so by McKenzie, whom she feared. She dropped McKenzie off and was departing the complex when she heard him yelling for her to stop as he ran behind her SUV. She stopped, he entered the SUV, and they drove together to a Red Lobster restaurant in Connecticut.
Discussion. 1. Sufficiency. When a defendant moves for a required finding of not guilty at the close of the Commonwealth's case, we consider the evidence that had been introduced to determine "whether the Commonwealth presented sufficient evidence of the defendant's guilt to submit the case to the jury." Commonwealth v. Dustin, 476 Mass. 1003, 1003 (2016), quoting from Commonwealth v. Platt, 440 Mass. 396, 400 (2003). The evidence is sufficient if, "viewing the evidence in a light most favorable to the Commonwealth, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'[ ]" Commonwealth v. Cohen (No. 1), 456 Mass. 94, 120 (2010), quoting from Latimore, 378 Mass. at 677. Because the Commonwealth's theory was that the defendant acted in a joint venture with McKenzie, the Commonwealth was required to prove that (1) the defendant participated in the commission of the offenses, (2) that she did so knowingly, and (3) that she shared the required criminal intent. See Commonwealth v. Gonzalez, 475 Mass. 396, 406 (2016).
a. Unarmed robbery. A person commits the offense of unarmed robbery in violation of G. L. c. 265, § 19(b ), when he takes money from another by force and violence. See Commonwealth v. Cruzado, 73 Mass. App. Ct. 803, 806 (2009). The evidence that McKenzie pushed the victim to the ground and took her $400 was sufficient to prove that he committed the crime of unarmed robbery. The defendant does not claim otherwise. Rather, she contends that the evidence was insufficient to prove that she knowingly participated in the commission of that offense. See Gonzalez, supra. We disagree.
The jury heard that the defendant was in a position to witness the store clerk hand the victim $400. The store surveillance video, which we have reviewed, reveals that after making that observation, the defendant abruptly left the store, went to her SUV, and then returned. The jury could reasonably infer from that sequence of events that she left the store to report the victim's receipt of the $400 to McKenzie. After the defendant exited the store a second time, she drove her SUV from the gas station at a high rate of speed and followed the victim and her mother to the apartment complex where they lived. The defendant stopped to let McKenzie out of the SUV and, moments later, McKenzie attacked the victim and robbed her of the $400. Later, McKenzie reentered the defendant's SUV and they drove out of the complex together.
From these facts the jury could reasonably infer that the defendant facilitated the robbery by identifying the victim as a robbery target, driving McKenzie to the scene of the crime, and acting as his getaway driver. The defendant's testimony that she acted only out of fear and was unaware of the robbery did not impact the sufficiency of this evidence, as the jury were not required to accept her testimony. See Commonwealth v. Morgan, 449 Mass. 343, 352 (2007). Thus, there was ample evidence from which the jury could rationally conclude beyond a reasonable doubt that the defendant knowingly and intentionally assisted McKenzie in committing the offense of unarmed robbery.
b. Assault and battery on a disabled person. An "intentional and unjustified use of force[,] ... however slight[,]" upon a person with a disability violates G. L. c. 265, § 13K (a 1/2). Commonwealth v. Porro, 458 Mass. 526, 529, quoting from Commonwealth v. McCan, 277 Mass. 199, 203 (1931). The defendant does not dispute the sufficiency of evidence that McKenzie committed an assault and battery on the victim. She claims that even if the evidence was sufficient to establish her role as a joint venturer in the assault, it was not sufficient to prove that she knew the victim was disabled. Because this argument is raised for the first time on appeal, we review for a substantial risk of a miscarriage of justice. See Commonwealth v. St. Louis, 473 Mass. 350, 355 n.8 (2015).
The language of the statute is unambiguous.[3] Nothing in it requires the defendant to know of the victim's disability to be guilty of the offense, nor has any Massachusetts case held that scienter is a required element of assault and battery on a disabled person. There was no error, much less a substantial risk of a miscarriage of justice.
2. Duplicative convictions. The defendant contends that if her conviction of unarmed robbery is affirmed, the conviction of assault and battery on a disabled person should be reversed, because the latter is a lesser included offense of unarmed robbery. We disagree. See Commonwealth v. Kegler, 65 Mass. App. Ct. 907, 909 (2006) ("Assault and battery is not a lesser included offense of unarmed robbery, as each requires an element that the other does not").
Judgments affirmed.

The record also reflects that the victim wore leg braces, but they were not visible to the defendant.

"Whoever commits an assault and battery upon ... a person with a disability shall be punished ...." G. L. c. 265, § 13K (a 1/2), inserted by St. 2004, c. 501, § 7. A "person with a disability" is defined as "a person with a permanent or long-term physical or mental impairment that prevents or restricts the individual's ability to provide for his or her own care or protection." G. L. c. 265, § 13K(a ), inserted by St. 2004, c. 501, § 6.